Jeffrey W. Shields, Bar No. 109920
Rick A. Varner, Bar No. 160403
Michael W. Buhrley, Bar No. 255203
SHIELDS LAW OFFICES
1920 Main Street, Suite 1080
Irvine, California 92614
(949) 724-7900; Fax (949) 724-7905
E-mail: jeff@shieldslawoffices.com

Attorneys For Plaintiff
AnaJet, Inc.

FILED

2010 MAR 10 PM 2:15
CLERK US DISTRICT COURT
CENTRAL DIST OF CALIF
SANTA ANA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION – SANTA ANA

| ANAJET, INC., | Case No. **SACV10-00294 RNB** |
|---|---|
| Plaintiff, | COMPLAINT FOR: |
| vs. | (1) UNFAIR COMPETITION [CA Bus.&Prof. Code § 17200]; |
| EQUIPMENT ZONE, INC., | (2) UNFAIR COMPETITION [Common Law]; |
| Defendant. | (3) DEFAMATION; |
| | (4) TRADE DEFAMATION; |
| | (5) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; |
| | (6) NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; |
| | (7) INJUNCTIVE RELIEF; AND |
| | (8) DECLARATORY RELIEF |

JURY TRIAL DEMANDED

As a Complaint herein, plaintiff ANAJET, INC.

("Plaintiff") alleges against defendant EQUIPMENT ZONE, INC.

("Defendant"), as follows:

19675

## I.   JURISDICTION, VENUE AND PARTIES

1.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. section 1332 (diversity of citizenship), inasmuch as: (a) Plaintiff is a California corporation with its principal place of business located within this judicial district in Costa Mesa, Orange County, California; (b) Plaintiff alleges on information and belief that Defendant is a New Jersey corporation with its principal place of business located in Fair Lawn, New Jersey; and (c) the amount in controversy in this matter, exclusive of interest and costs, exceeds $75,000.00.

2.   Venue is proper in this Court pursuant to 28 U.S.C. section 1391 in that a substantial part of the events giving rise to the claims occurred within this judicial district, and, for purposes of venue, Plaintiff alleges on information and belief that Defendant is subject to personal jurisdiction within this judicial district.

3.   Plaintiff is, and at all times relevant herein was, a California corporation with its principal place of business located in Costa Mesa, California, and doing business in Orange County, California.

4.   Plaintiff alleges on information and belief that Defendant is, and at all times relevant herein was, a New Jersey corporation with its principal place of business located in Fair Lawn, New Jersey, and also doing business in Orange County and Los Angeles County, California.

## II.   GENERAL ALLEGATIONS

5.   Plaintiff is a leading developer, manufacturer and distributor of direct to garment digital apparel printers and

related equipment, including without limitation, Plaintiff's flagship AnaJet SPRINT™ Digital Apparel Printer ("SPRINT™ Printer") and the AnaJet Printer FP-125 series (collectively, the "AnaJet Printers"), and AnaJet PTB-1 Pretreatment Station (the "AnaJet Pretreatment Station").  The AnaJet Printers print directly onto garments (such as T-shirts) and other textile items such as bags, pillowcases, head wear, mouse pads and other decorative items.

6.   In addition to the foregoing products, Plaintiff sells trademarked digital textile inks, including without limitation, AnaBright® Inks ("AnaBright®") and PolyBright™ Inks ("PolyBright™"), as well as its own AnaPrint Printing Program software, electronic system controller, closed-loop ink delivery system, and auto print head maintenance features, which are used in the AnaJet Printers and allow them to run more efficiently, with lower maintenance and higher productivity than the products of Plaintiff's competitors.

7.   Plaintiff alleges on information and belief that Defendant is a direct competitor of Plaintiff and sells the Veloci-Jet XL Printer ("Veloci-Jet"), as well as related equipment and inks.

8.   As a leading manufacturer of direct to garment printing technology, Plaintiff participates in numerous major trade shows which are open to the public throughout the United States and the world.  In or about January 2010, Plaintiff participated in and maintained a booth at the Imprinted Sportswear Show held at the Long Beach Convention Center in California (the "Long Beach ISS").

9.   Plaintiff alleges on information and belief that Defendant also had a booth and participated at the Long Beach ISS,

1    and that Defendant's President, Harry Oster ("H. Oster"), its Sales

2    Manager, Alex Oster ("A. Oster"), and other of Defendant's

3    authorized representatives, including without limitation, Javier

4    Flores ("Flores"), were present and actively participated at the

5    Long Beach ISS on Defendant's behalf (hereinafter, H. Oster, A.

6    Oster and Flores are sometimes collectively referred to as

7    Defendant's "Authorized Representatives").

8         10.   Plaintiff alleges on information and belief that, at

9    the Long Beach ISS, Defendant displayed at Defendant's booth a

10   partially disassembled SPRINT™ Printer, and, through its Authorized

11   Representatives, repeatedly made unfair, deceptive, false and/or

12   misleading statements, both in writing and/or orally, about

13   Plaintiff and about Plaintiff's products, including without

14   limitation, about the AnaJet Printers, to attendees of the Long

15   Beach ISS.  Plaintiff further alleges on information and belief

16   that such statements were received and published in Long Beach,

17   California, and that Defendant further made unfair, false,

18   deceptive and/or misleading statements about Defendant's own

19   products.

20        11.   Plaintiff alleges on information and belief that the

21   unfair, false, deceptive and/or misleading statements made by

22   Defendant at the Long Beach ISS included, without limitation, that:

23        (a)   Plaintiff's printers were supposedly "no good",

24   "very weak" and "too weak", and purportedly suffer damage during

25   shipping because of such weakness;

26        (b)   Plaintiff supposedly sells the identical inks

27   used by Defendant and other manufacturers;

28

1               (c)   Plaintiff's ink cartridges are supposedly not

2   recyclable, but Defendant's are and can be refilled with ink sold

3   by any other supplier, thus, decreasing ink costs;

4               (d)   Plaintiff's SPRINT™ Printer and Defendant's

5   Veloci-Jet supposedly are the same printers although Defendant's

6   costs less;

7               (e)   Plaintiff supposedly is "lying to their

8   clients" when it says it has its own printer and sells a different

9   printer than Defendant;

10              (f)   Defendant supposedly has an 18 month warranty

11  "for everything", and a lifetime warranty for any concerns about

12  the machine and its operation, while Plaintiff only has a 12 month

13  warranty;

14              (g)   Defendant's Veloci-Jet can supposedly print 13"

15  wide on textile surfaces;

16              (h)   White ink and color ink for a Veloci-Jet

17  supposedly costs 63% and 64%, respectively, less than for a SPRINT™

18  Printer, even though they use the exact same ink;

19              (i)   Defendant's Veloci-Jet and Plaintiff's SPRINT™

20  Printer supposedly "use the same print engine";

21              (j)   Defendant's Veloci-Jet and Plaintiff's SPRINT™

22  Printer supposedly have the identical print speed;

23              (k)   Defendant supposedly offers a pretreat unit

24  that can be operated right next to its Veloci-Jet, while

25  Plaintiff's customers must "pretreat manually in another room or

26  outside";

27              (l)   Plaintiff's shirt holder supposedly is not

28  removable;

1            (m)   Plaintiff's SPRINT™ Printer supposedly does not

2    have flip top easy access;

3            (n)   Maintenance on Defendant's Veloci-Jet and

4    Plaintiff's SPRINT™ Printer is supposedly identical because they

5    both are based on the same print engine;

6            (o)   Plaintiff's SPRINT™ Printer supposedly does not

7    have refillable cleaning cartridges; and

8            (p)   Plaintiff's SPRINT™ Printer supposedly only has

9    dampers in its ink delivery system.

10       12.   Plaintiff alleges on information and belief that

11   each of the foregoing statements by Defendant was and is unfair,

12   false, deceptive and/or misleading, and that the true facts were

13   and are as follows:

14           (a)   Plaintiff's AnaJet Printers are highly

15   acclaimed and incorporate the latest technology, including

16   proprietary printer control systems and proprietary closed-loop ink

17   delivery systems, and they are not weak or subject to damage during

18   shipping because of any weakness;

19           (b)   Plaintiff maintains strict trade secrets as to

20   its inks and the sources of such inks, and Defendant has no

21   legitimate basis for asserting that they are the same inks as used

22   by Defendant;

23           (c)   Defendant's refillable and recyclable

24   cartridges are not more cost effective because they cause all types

25   of performance and efficiency problems, including without

26   limitation, oxidation, disrupted ink flow, increased maintenance

27   and waste, while Plaintiff's SPRINT™ Printer uses a proprietary

28   closed-loop ink delivery system with sealed ink cartridges that

1  provides superior performance, less maintenance, and less wasted

2  ink, thus, reducing overall ink costs;

3          (d)  Plaintiff's SPRINT™ Printer and Defendant's

4  Veloci-Jet do not utilize the same printer control system, and,

5  rather, Plaintiff's print head includes its own proprietary

6  electronic system controller;

7          (e)  Plaintiff is not "lying" to its customers when

8  it says it has its own print engine because Plaintiff's printer

9  includes its own proprietary electronic system controller, which is

10  not used by Defendant;

11          (f)  Defendant's 18 month warranty is limited and

12  does not cover "everything", including, but not limited to, it does

13  not cover the most critical feature of the printer, *i.e.*, the print

14  head, and Defendant does not provide any type of lifetime warranty

15  for all printer concerns; whereas, Plaintiff offers both a 12 month

16  limited warranty on its equipment and a 90 day warranty on its

17  print heads;

18          (g)  While the Epson printer used in Defendant's

19  Veloci-Jet might be capable of printing 13" wide on paper, when a

20  garment is loaded, extra garment material has to drape around both

21  sides of the print table and, therefore, Defendant's printer cannot

22  actually print 13" wide on textiles as advertised;

23          (h)  Ink costs are dependant not only on the nominal

24  price of the ink itself, but on how much ink is used and/or wasted

25  during the printing process and maintenance, and Plaintiff's

26  proprietary AnaBright® and PolyBright™ Inks, AnaPrint Printing

27  Program software, electronic system controller, closed-loop ink

28  delivery and auto print head maintenance systems, all contribute to

1  Plaintiff's SPRINT™ Printer using less ink during the printing

2  process and maintenance than Defendant's printers;

3         (i)  Defendant's Veloci-Jet and Plaintiff's AnaJet

4  Printers do not "use the same print engine" as Defendant asserts;

5  rather, Plaintiff's AnaJet Printers use their own print engine

6  which includes, without limitation, Plaintiff's own proprietary

7  electric system controller, as well as Plaintiff's own proprietary

8  ink delivery system, controlled by Plaintiff's own AnaPrint

9  Printing Program software;

10         (j)  Defendant's Veloci-Jet and Plaintiff's SPRINT™

11  Printer do not have the identical print speed, and Plaintiff's

12  print speeds have been observed to be twice as fast as Veloci-Jet's

13  for dark colored garments and 30% faster for white garments, while

14  print speed is further affected by a number of additional factors,

15  including without limitation, the print engine (different from

16  Defendant's), the ink delivery system (different from Defendant's),

17  the need for maintenance and print nozzle clogging (less for

18  Plaintiff), better software performance, etc.;

19         (k)  Plaintiff offers its own enclosed AnaJet

20  Pretreatment Station which can be placed right next to its

21  printers, and Plaintiff's customers do not need to "pretreat

22  manually in another room or outside";

23         (l)  Plaintiff's shirt holder or print table is

24  removable and interchangeable with a variety of sizes of print

25  tables, including without limitation, regular tables, youth tables

26  and long tables;

27         (m)  Plaintiff's SPRINT™ Printer does, in fact, have

28  flip top easy access;

1           (n)   Defendant's Veloci-Jet and Plaintiff's AnaJet

2 Printers are not based on the same print engine and, further,

3 maintenance is not "identical" inasmuch as Plaintiff's proprietary

4 ink delivery system and auto print head maintenance decrease the

5 amount and frequency of maintenance required as compared to

6 Defendant's printers;

7           (o)   Plaintiff's SPRINT™ Printer uses sealed ink and

8 cleaning cartridges which reduce oxidation, clogging, disruption of

9 ink flow and waste during maintenance; and

10           (p)   Plaintiff's SPRINT™ Printer uses both

11 cartridges and dampers in its ink delivery system, not just dampers

12 alone.

13      13.   Plaintiff alleges on information and belief that,

14 within the last 12 months, Defendant and its Authorized

15 Representatives have repeated, published, communicated, printed and

16 advertised the same and/or substantially similar unfair, false,

17 deceptive and/or misleading statements as set forth in paragraphs

18 11 and 12 above to the public at large, and to customers and

19 potential customers of Plaintiff and Defendant, including, without

20 limitation, doing so at other trade shows, such as the ISS trade

21 show held in Orlando, Florida in February 2010, as well as over

22 Defendant's internet website and in published brochures.

23      14.   Plaintiff further alleges on information and belief

24 that, in or about March 2010, Defendant, through its authorized

25 representative Jay Crockett, made the following additional unfair,

26 false, deceptive and/or misleading statements regarding Plaintiff

27 in a telephone communication:

28

COMPLAINT

(a)   Supposedly "AnaJet will lie to you" and will not answer questions honestly regarding print speeds;

(b)   Defendant and Plaintiff supposedly use the "same identical printer (R1900)";

(c)   Defendant and Plaintiff supposedly use the "same inks", but sell them for different prices; and

(d)   Plaintiff supposedly "will say they give lifetime warranties, but it's not true".

15.   Plaintiff alleges on information and belief that each of the foregoing statements by Defendant was and is unfair, false, deceptive and/or misleading, and the true facts were and are that:

(a)   Plaintiff does not "lie" when its says that Defendant's Veloci-Jet and Plaintiff's SPRINT™ Printer do not have the identical print speed, particularly inasmuch as Plaintiff's print speeds have been observed to be twice as fast as Veloci-Jet's for dark colored garments and 30% faster for white garments, and print speed is further affected by a number of additional factors including the print engine (different from Defendant's), the ink delivery system (different from Defendant's), the need for maintenance and print nozzle clogging (less for Plaintiff's), and better software performance, etc.

(b)   Plaintiff's SPRINT™ Printer and Defendant's Veloci-Jet do not use identical print engines, particularly inasmuch as Plaintiff's AnaJet Printers includes a proprietary electronic system controller and ink delivery system;

(c)   Plaintiff does not use the same inks purportedly used by Defendant, but Plaintiff has its own inks which

are subject to trade secret protection, including its AnaBright® and PolyBright™ Inks; and

        (d)   Plaintiff does not represent that it offers lifetime warranties, but, rather, offers a 12 month limited warranty on its equipment and a 90 day warranty on its print heads, and lifetime technical support.

16.   Plaintiff alleges on information and belief that, in or about March 2010, Defendant caused to be published in Printware Magazine certain unfair, false, deceptive and/or misleading statements regarding Defendant's own purportedly "refillable inkjet cartridges", specifically stating that they supposedly are "AnaJet-compatible", eliminate waste and save more than 50% off sealed ink cartridges, and that "there is no change in print quality, color accuracy, vibrancy or washability".

17.   Plaintiff alleges on information and belief that each of the foregoing statements by Defendant was and is unfair, false, deceptive and/or misleading, and that the true facts were and are that Plaintiff's AnaBright® and PolyBright™ Inks and closed-loop ink delivery system and sealed ink and cleaning cartridges reduce air foam, oxidation, clogging, disruption of ink flow and waste during maintenance - all of which would occur by use of Defendant's "refillable inkjet cartridges", and that use of Defendant's "refillable inkjet cartridges" would actually increase ink costs, maintenance and down time of the printers, while deceasing print quality.

18.   Plaintiff alleges on information and belief that, in or about March 2010, Defendant caused to be published on the website for the Imprinted Sportswear Show Atlantic City (the "ISS

1  Atlantic Show") certain unfair, false, deceptive and/or misleading

2  statements, including without limitation, that: (a) Defendant's

3  Veloci-Jet supposedly has "half the ink cost of Anajet printers";

4  and (b) can supposedly print up to 13".

5       19.   Plaintiff alleges on information and belief that

6  each of the foregoing statements by Defendant was and is unfair,

7  false, deceptive, untrue and/or misleading, and that the true facts

8  were and are that: (a) Defendant's ink and ink delivery systems

9  create greater waste and use more ink, while Plaintiff's AnaBright®

10  and PolyBright™ Inks and closed-loop ink delivery system and sealed

11  ink and cleaning cartridges reduce air foam, oxidation, clogging,

12  disruption of ink flow and waste during maintenance – all of which

13  decrease overall ink costs, maintenance and down time of the

14  printers; and (b) while Defendant's Veloci-Jet might be able to

15  print 13" wide on paper, when a garment is loaded, extra garment

16  material has to drape around both sides of the print table and,

17  therefore, Defendant's printer cannot actually print 13" wide on

18  textiles, as advertised.

19       20.   Plaintiff alleges on information and belief that, at

20  the times when Defendant made the false statements set forth in

21  paragraphs 10 through 19, inclusive, above, Defendant actually knew

22  and/or reasonably should have known each of such false statements

23  to be unfair, untrue, deceptive and/or misleading and, therefore,

24  did not make such statements with any reasonable belief that such

25  statements were true, or after any reasonable effort to obtain and

26  set forth the true facts.  Plaintiff further alleges on information

27  and belief that Defendant did not truly intend any of such

28  statements to aid the consumer in an honest comparison of products;

1  but, rather, made such statements with actual malice and with the

2  intent to injure and harm the reputation, rights and/or business

3  interests of Plaintiff.

4      21.  Plaintiff is currently unaware of the extent of

5  additional unfair, false, deceptive and/or misleading statements

6  which Defendant may have made, published and/or advertised, or to

7  whom, or when, or in what manner, however, Plaintiff will seek to

8  amend this Complaint as soon as the details concerning such

9  additional statements are fully ascertained.

10      22.  Plaintiff alleges on information and belief that it

11  has made demands on Defendant to cease and desist from making such

12  unfair, false, deceptive and/or misleading statements and

13  advertisements regarding Plaintiff and its products, and regarding

14  Defendant and its own products, but Defendant has failed and

15  refused, and continues to fail and refuse, to do so, and, instead,

16  is continuing to make such unfair, false, deceptive and/or

17  misleading statements and advertisements to the public, both orally

18  and in writing.

19                   FIRST CLAIM FOR RELIEF

20           (For Statutory Unfair Competition -- California

21                Bus. & Prof. Code § 17200, et seq.)

22      23.  Plaintiff realleges and incorporates herein by this

23  reference each and every allegation contained in paragraphs 1

24  through 22, inclusive, as set forth above.

25      24.  Plaintiff alleges on information and belief that the

26  wrongful acts of Defendants as alleged above, which include, but

27  are not limited to, each of the false statements and advertisements

28  set forth in paragraphs 10 through 19, inclusive, above, such as:

1   (a) defaming Plaintiff and/or otherwise making unfair, false,

2   deceptive and/or misleading statements, representations and

3   advertisements, both orally and in writing, to the public that,

4   *inter alia*, Plaintiff supposedly is dishonest and/or has and will

5   "lie" to its customers and potential customers; (b) making unfair,

6   false, deceptive and/or misleading statements, representations and

7   advertisements, both orally and in writing, to the public that

8   Plaintiff's products supposedly are not good, are weak and subject

9   to damage during shipping, or that they contain or have identical

10   components or qualities as Defendant's printers, or that Plaintiff

11   does not have or offer certain products, or that its products do

12   not have certain qualities or features that they actually do have;

13   and (c) making unfair, false, deceptive and/or misleading

14   statements, representations, advertisements and comparisons, both

15   orally and in writing, to the public and the news media regarding

16   Defendant's own products; each constitute unfair competition within

17   the meaning of California Business & Professions Code § 17200, *et*

18   *seq.*

19       25.   As a direct and proximate result of such misconduct

20   by Defendant, Plaintiff has been injured in fact and has lost

21   monies, benefits and/or properties which Defendant should be

22   required to disgorge and restore, the precise sum of which is

23   presently unknown, but which will be determined in accordance with

24   proof at trial, together with interest accruing thereon.

25                    SECOND CLAIM FOR RELIEF

26               (For Unfair Competition -- Common Law)

27       26.   Plaintiff realleges and incorporates herein by this

28   reference each and every allegation contained in paragraphs 1

through 22, inclusive, as set forth above.

27. Plaintiff alleges on information and belief that the wrongful acts of Defendants as alleged above, which include, but are not limited to, each of the false statements and advertisements set forth in paragraphs 10 through 19, inclusive, above, such as: (a) defaming Plaintiff and/or otherwise making unfair, false, deceptive and/or misleading statements, representations and advertisements, both orally and in writing, to the public that, *inter alia*, Plaintiff supposedly is dishonest and/or has and will "lie" to its customers and potential customers; (b) making unfair, false, deceptive and/or misleading statements, representations and advertisements, both orally and in writing, to the public that Plaintiff's products supposedly are not good, are weak and subject to damage during shipping, or that they contain or have identical components or qualities as Defendant's printers, or that Plaintiff does not have or offer certain products, or that its products do not have certain qualities or features that they actually do have; and (c) making unfair, false, deceptive and/or misleading statements, representations, advertisements and comparisons, both orally and in writing, to the public and the news media regarding Defendant's own products; each constitute common law unfair competition.

28. As a direct and proximate result of such misconduct by Defendant, Plaintiff has been injured in fact and has lost monies and/or properties which Defendant should be required to disgorge and restore, the precise sum of which is presently unknown, but which will be determined in accordance with proof at trial, together with interest accruing thereon.

<u>THIRD CLAIM FOR RELIEF</u>

(For Defamation)

29.  Plaintiff realleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 22, inclusive, as set forth above.

30.  Plaintiff alleges on information and belief that the false statements published in writing and/or orally by Defendant, as set forth in paragraphs 10 through 19, inclusive, above, were defamatory, and libelous on their face and/or slanderous per se, because they falsely accused and/or impliedly accused Plaintiff of dishonesty.  Plaintiff is currently unaware of the extent of additional defamatory statements which Defendant may have made or the specific identities of others to whom such or similar defamatory statements may have been published, either in writing and/or orally, however, Plaintiff will seek to amend this Complaint as soon as the identities of such individuals and the contents of such additional statements are fully ascertained.

31.  Plaintiff alleges on information and belief that each of the these written and/or spoken statements was libelous on its face and/or slanderous per se, and clearly expose Plaintiff to, among other things, contempt, hatred, distrust, ridicule, and obloquy because such written and/or spoken words accuse Plaintiff of engaging in dishonest conduct, and malign Plaintiff's business reputation and character.

32.  Plaintiff alleges on information and belief that Defendant actually knew and/or reasonably should have known of the falsity of each of its defamatory statements at the time they were made, but nonetheless intentionally made them.  Plaintiff further

1  alleges on information and belief that Defendant did not make such

2  false statements to aid in any honest evaluation or comparison of

3  the products, warranties or services provided by Plaintiff and

4  Defendant, but, rather, made same maliciously with the intention of

5  harming and injuring Plaintiff's rights, reputation and business

6  interests.

7      33.  As a direct and proximate result of the above-

8  described defamations, Plaintiff has been damaged in an amount, the

9  precise sum of which is presently unknown, but which will be

10  determined in accordance with proof at trial, and which includes,

11  at a minimum, the sum of $500,000.00, together with interest

12  accruing thereon.

13      34.  Plaintiff alleges on information and belief that, in

14  performing the acts and omissions alleged above, Defendant acted in

15  bad faith, and in a knowing, willful, malicious, oppressive and

16  fraudulent manner, and with the intent and purpose of advancing its

17  own gain at the expense of Plaintiff's rights, reputation and

18  business interests.  By reason thereof, Plaintiff is entitled to

19  punitive and exemplary damages against Defendant in a sum to be

20  determined by the trier of fact herein.

21                    FOURTH CLAIM FOR RELIEF

22                    (For Trade Defamation)

23      35.  Plaintiff realleges and incorporates herein by this

24  reference each and every allegation contained in paragraphs 1

25  through 22, inclusive, as set forth above.

26      36.  Plaintiff alleges on information and belief that the

27  false statements published in writing and/or orally to the public

28  and news media by Defendant, as set forth in paragraphs 10 through

19, inclusive, above, were defamatory and libelous and/or slanderous because, *inter alia*, they falsely stated that Plaintiff supposedly lies and is dishonest, and falsely misrepresented the components, qualities and capabilities of Plaintiff's products, and further impugned and injured Plaintiff's business.

37.   Plaintiff alleges on information and belief that each of such written and/or spoken statements was libelous and/or slanderous, and clearly expose Plaintiff to, among other things, contempt, distrust, hatred, ridicule and/or obloquy because such written and/or spoken words accuse and/or impliedly accuse Plaintiff of engaging in dishonest conduct and malign its professional business reputation and personal character, as well as the actual components, qualities and capabilities of Plaintiff's products.

38.   Plaintiff alleges on information and belief that Defendant actually knew and/or reasonably should have known of the falsity of its defamatory statements at the times each of them were made, but nonetheless intentionally made them and/or ratified same.

39.   As a direct and proximate result of the above-described defamations, Plaintiff has been damaged in an amount, the precise sum of which is presently unknown, but which will be determined in accordance with proof at trial, and which includes, at a minimum, the sum of $500,000.00, together with interest accruing thereon.

40.   Plaintiff alleges on information and belief that, in performing the acts and omissions alleged above, Defendant acted in bad faith, and in a knowing, willful, malicious, oppressive and fraudulent manner, and with the intent and purpose of advancing its

1 own gain at the expense of Plaintiff's rights, reputation and

2 business interests.  By reason thereof, Plaintiff is entitled to

3 punitive and exemplary damages against Defendant in a sum to be

4 determined by the trier of fact herein.

FIFTH CLAIM FOR RELIEF

6 (For Intentional Interference With Prospective Economic Advantage)

7     41.  Plaintiff realleges and incorporates herein by this

8 reference each and every allegation contained in paragraphs 1

9 through 22, inclusive, as set forth above.

10     42.  Plaintiff alleges on information and belief that it

11 had specific economic relationships with its customers, each of

12 which – if uninterrupted – would have likely produced prospective

13 economic advantages to Plaintiff, and that, at the times when

14 Defendant engaged in the wrongful conduct set forth above,

15 Defendant knew or reasonably should have known of such economic

16 relationships and that Plaintiff stood to profit and benefit

17 therefrom.

18     43.  Plaintiff alleges on information and belief that,

19 notwithstanding Defendant's knowledge, however, and in order to try

20 to improperly obtain such prospective economic advantages for

21 itself, Defendant intentionally solicited Plaintiff's customers to

22 terminate and/or alter such specific economic relationships,

23 intentionally interfered with and disrupted the proper performance

24 of same, and wrongfully influenced certain of Plaintiff's customers

25 to terminate and/or alter such relationships so as to do business

26 directly with Defendant instead of with Plaintiff, and did so,

27 *inter alia*, by making the unfair, false, deceptive and/or

28 misleading statements set forth in paragraphs 10 through 19,

1  inclusive, above.

2      44.   As a direct and proximate result of such wrongful

3  actions by Defendant, such relationships were actually interfered

4  with and Plaintiff has been damaged in an amount, the precise sum

5  of which is presently unknown, but which will be determined in

6  accordance with proof at trial, and which includes, at a minimum,

7  the sum of $500,000.00, together with interest accruing thereon.

8      45.   Plaintiff alleges on information and belief that, in

9  performing the acts and omissions alleged above, Defendant acted in

10  bad faith, and in a knowing, willful, malicious, oppressive and

11  fraudulent manner, and with the intent and purpose of advancing its

12  own gain at the expense of Plaintiff's rights, reputation and

13  business interests.   By reason thereof, Plaintiff is entitled to

14  punitive and exemplary damages against Defendant in a sum to be

15  determined by the trier of fact herein.

16                    SIXTH CLAIM FOR RELIEF

17    (For Negligent Interference With Prospective Economic Advantage)

18      46.   Plaintiff realleges and incorporates herein by this

19  reference each and every allegation contained in paragraphs 1

20  through 22, inclusive, as set forth above.

21      47.   Plaintiff alleges on information and belief that it

22  had specific economic relationships with its customers, each of

23  which - if uninterrupted - would have likely produced prospective

24  economic advantages to Plaintiff, and that, at the times when

25  Defendant engaged in the wrongful conduct set forth above,

26  Defendant knew or reasonably should have known of such economic

27  relationships and that Plaintiff stood to profit and benefit

28  therefrom, and that such relationships would be disrupted if

1  Defendant failed to act with reasonable care.

2     48. Plaintiff further alleges on information and belief

3  that, notwithstanding Defendant's knowledge, however, and in order

4  to try to obtain such prospective economic advantages for itself,

5  Defendant failed to act with reasonable care and negligently and

6  recklessly solicited Plaintiff's customers to terminate and/or

7  alter such specific economic relationships, interfered with and

8  disrupted the proper performance of same, and wrongfully influenced

9  certain of Plaintiff's customers to terminate and/or alter such

10  relationships so as to do business directly with Defendant instead

11  of with Plaintiff, and did so, *inter alia*, by making the wrongful

12  unfair, false, deceptive and/or misleading statements set forth in

13  paragraphs 10 through 19, inclusive, above.

14     49. As a direct and proximate result of such wrongful

15  actions by Defendant, such relationships were actually interfered

16  with and Plaintiff has been damaged in an amount, the precise sum

17  of which is presently unknown, but which will be determined in

18  accordance with proof at trial, and which includes, at a minimum,

19  the sum of $500,000.00, together with interest accruing thereon.

20         <u>SEVENTH CLAIM FOR RELIEF</u>

21         (For Injunctive Relief)

22     50. Plaintiff realleges and incorporates herein by this

23  reference each and every allegation contained in paragraphs 1

24  through 49, inclusive, as set forth above.

25     51. The enjoining of Defendant is necessary for

26  Plaintiff to protect its reputation, rights and interests, as well

27  as all benefits and profits derived therefrom, all of which

28  rightfully belong to Plaintiff.

52.   Plaintiff alleges on information and belief that, unless Defendant is enjoined and restrained forthwith from, *inter alia*: (a) making further unfair, false, deceptive and/or misleading statements about Plaintiff, including without limitation, stating or implying dishonesty as to Plaintiff; (b) making further unfair, false, deceptive and/or misleading statements and advertising about Plaintiff's products, including without limitation, their components, qualities and capabilities; (c) making further unfair, false, deceptive and/or misleading advertisements and comparisons between Plaintiff's products and Defendant's products; and (d) making further unfair, false, deceptive and/or misleading statements and advertisements about Defendant's products, including without limitation, their components, qualities, and capabilities; as well as being enjoined and required to forthwith turnover to Plaintiff's possession all of the funds, benefits and profits which Defendant has derived from its wrongful conduct and which are within Defendant's possession and control, along with all documentation relating thereto; such acts will cause irreparable injury and damages to Plaintiff, the amount of which will be extremely difficult and impracticable to ascertain and fix, and for which Plaintiff will have no adequate remedy at law.

53.   In light of the foregoing, Plaintiff is entitled to a temporary restraining order, a preliminary injunction and/or a permanent injunction, all enjoining Defendant, as well as its agents, employees and representatives, and all other persons or entities acting under or in concert or participating with Defendant, from in any way taking or attempting any of the actions set forth in paragraph 52 above.

1

<u>EIGHTH CLAIM FOR RELIEF</u>

2

(For Declarative Relief)

3    54.    Plaintiff realleges and incorporates herein by this

4    reference each and every allegation contained in paragraphs 1

5    through 53, inclusive, as set forth above.

6    55.    An actual controversy has arisen, and now exists,

7    between and among Plaintiff, on the one hand, and Defendant, on the

8    other hand, concerning their respective rights and duties in that

9    Plaintiff contends, and alleges on information and belief that

10   Defendant denies, that: (a) Defendant has made the statements set

11   forth in paragraphs 10 through 19, inclusive, above, and such

12   statements are unfair, false, deceptive and/or misleading for the

13   reasons, *inter alia*, set forth in such paragraphs; and (b)

14   Defendant is obligated to retract such unfair, false, deceptive

15   and/or misleading statements, and to cease and desist from making,

16   publishing and/or repeating such unfair, false, deceptive and/or

17   misleading statements, whether in writing or orally, at any time in

18   the future.

19   56.    Plaintiff desires a judicial determination of the

20   rights and duties of each of the parties hereto, and a declaration

21   that: (a) Defendant has made the statements set forth in paragraphs

22   10 through 19, inclusive, above, and such statements are unfair,

23   false, deceptive and/or misleading for the reasons, *inter alia*, set

24   forth in such paragraphs; and (b) Defendant is obligated to retract

25   such unfair, false, deceptive and/or misleading statements, and to

26   cease and desist from making, publishing and/or repeating such

27   unfair, false, deceptive and/or misleading statements, whether in

28   writing or orally, at any time in the future.

COMPLAINT

57.   A judicial declaration is necessary and appropriate at this time under the circumstances as set forth herein in order that the parties hereto may ascertain their respective rights and duties in order to resolve the controversies between the parties regarding the above matter.

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

ON THE FIRST AND SECOND CLAIMS FOR RELIEF

1.   For restitution and disgorgement to Plaintiff of all actual monies, benefits and/or properties wrongfully obtained by Defendant as a result of Defendant's unfair competition and wrongful conduct, together with interest accruing thereon;

ON THE THIRD, FOURTH AND FIFTH CLAIMS FOR RELIEF

2.   For general damages in a sum to be determined according to proof, but in no event less than $500,000.00, together with interest accruing thereon;

3.   For special damages in a sum to be determined according to proof, together interest accruing thereon;

4.   For punitive and exemplary damages in a sum to be determined by the trier of fact herein;

ON THE SIXTH CLAIM FOR RELIEF

5.   For general damages in a sum to be determined according to proof, but in no event less than $500,000.00, together with interest accruing thereon;

ON THE SEVENTH CLAIM FOR RELIEF

6.   For an Order requiring Defendant to show cause, if any it has, why it should not be enjoined as set forth herein;

1

ON THE EIGHTH CLAIM FOR RELIEF

2       7.   For declaratory relief as prayed for in the Eighth

3   Claim for Relief;

4

ON ALL CLAIMS FOR RELIEF

5       8.   For Plaintiff's costs of suit incurred herein; and

6       9.   For such other and further relief as the Court may

7   deem just and proper.

8   DATED:  March _10_, 2010          SHIELDS LAW OFFICES

9

10                                    By: _____
                                          Jeffrey W. Shields
11                                        Rick A. Varner
                                          Attorneys for Plaintiff
12                                        AnaJet, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

25

## DEMAND FOR JURY TRIAL

1    Plaintiff hereby demands trial by jury in the above

2  action.

3  DATED:  March _10_, 2010          SHIELDS LAW OFFICES

4

5                                   By: _____

6                                       Jeffrey W. Shields
                                         Rick A. Varner
7                                   Attorneys for Plaintiff
                                    AnaJet, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

Name & Address:
Jeffrey W. Shields, SBN 109920
SHIELDS LAW OFFICES
1920 Main Street, Suite 1080
Irvine, CA 92614

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANAJET, INC.<br><br>PLAINTIFF(S)<br><br>v.<br><br>EQUIPMENT ZONE, INC.<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV10-00294 RNB**<br><br>**SUMMONS** |

TO:   DEFENDANT(S): <u>EQUIPMENT ZONE, INC.</u>

A lawsuit has been filed against you.

Within __2__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, <u>Jeffrey W. Shields/Shields Law Offices</u>, whose address is <u>1920 Main Street, Suite 1080, Irvine, California 92614</u>.   If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __3/10/10__

By: _____ IRMA DEBOSE
    Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

Name & Address:
Jeffrey W. Shields, SBN 109920
SHIELDS LAW OFFICES
1920 Main Street, Suite 1080
Irvine, CA 92614

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| ANAJET, INC. | CASE NUMBER |
|---|---|
| **PLAINTIFF(S)** | SACV10-00294 RNB |
| v. | |
| EQUIPMENT ZONE, INC. | **SUMMONS** |
| **DEFENDANT(S)** | |

TO:   DEFENDANT(S): <u>EQUIPMENT ZONE, INC.</u>

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, <u>Jeffrey W. Shields/Shields Law Offices</u> , whose address is <u>1920 Main Street, Suite 1080, Irvine, California 92614</u> . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____     By: _____
                                              Deputy Clerk

                                              *(Seal of the Court)*

1144

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ANAJET, INC. | EQUIPMENT ZONE, INC. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>SHIELDS LAW OFFICES/Jeffrey W. Shields<br>1920 Main St., Ste. 1080, Irvine, CA 92614<br>(949) 724-7900 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☑ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☐ No   ☑ **MONEY DEMANDED IN COMPLAINT:** $ 500,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**SACV10-00294 RNB**

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New Jersey |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange and Los Angeles Counties | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _~~signature~~_   Date  March 10, 2010

   **Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |